### 8673

### UNION B. & L. ASSOCIATION v. McNALLY.

B. & L. ASSOCIATIONS—BONDS AND NOTES.—In foreclosure of mortgage securing several bonds given a B. & L. Association, the amount due should be calculated according to rule of partial payment, credit being given for all payments and cash surrender value of the stock.

Before MEMMINGER, J., Union, February, 1913. Affirmed.

Action by Union B. & L. Association against R. Lindsay McNally. Plaintiff appeals on the following exceptions:

"Because his Honor erred therein:

1. "In holding and deciding that the master could not split the loan evidenced by the six hundred ($600.00) dollars bond, into two loans as he did; to wit, a loan of $400

as of date May, 1901, and a loan of $200 of date of the $600 bond; and sustaining defendant's 2d and 4th exceptions to the report of the special master; and reversing the master in that particular.

2. "In holding and deciding that the master in ascertaining the amounts due plaintiff on the several bonds, must give the defendant credit for all payments as made by him; and sustaining defendant's 10th exception, which is as follows: 'Because the special master erred in not allowing proper credits for each and every item appearing upon defendant's pass book, which was in evidence, and uncontradicted and unquestioned;' whereas, he should have held, as contended by plaintiff, that defendant should not have credit in ascertaining the amounts due on the debts sued on evidenced by the bonds set out in the case, for interest and premium, paid on the loan appearing on his pass book as made in May, 1901, and which was settled before the $600 loan was made, an entirely different and ended transaction, the interest and premium on which said loan of $400 in May, 1901, was two and 50-100 dollars per month, and was paid from June, 1901, to May, 1903 (inclusive), being for twenty-four (24) months, amounting to $60.00, and was paid for the use of money and on a debt entirely distinct from each and all of the debts sued on in this case and was a finished and ended, and settled transaction; in the settlement of which transaction defendant or the one for whom he got the money, got credit in the way of allowance of it as interest paid, on the loan.

3. "In holding and deciding that in this case, the defendant should, at the time of the first loan of $200 (on September 10th, 1900, on one share of stock redeemed) receive credit for two hundred and twenty-five ($225) dollars, the amount of the stock payments made on the five shares of stock owned by him, which was assigned to the association as collateral at the date of the bond, as the withdrawal value of said five shares of stock, at that time by the rules and

by-laws of the association; and in not holding and deciding that the withdrawal value of the shares of stock, so ascertained, should be applied respectively as credits on the loans and bonds evidencing said loans, for and by which the respective shares of stock were redeemed; and in not sustaining the special master in so holding and reporting; and in sustaining defendant's third exception to the report of the special master.

"This third exception of defendant to the special master's report, also raised the point, that the withdrawal value of the stock at the time of its application on the loan, should be increased by allowing interest on the amount of the stock payments at the rate of six per cent.; but this claim and feature in all the exceptions, was withdrawn at the trial; and it is therefore considered that his Honor, in sustaining this exception, did not mean to decide that such interest must thus be added in fixing the withdrawal value of the stock.  And there was not a scintilla of evidence to support this part of the exception.

"The error being that his Honor erroneously applied the principles and rules settled and laid down in *Bird & Co.* v. *Kendall,* 62 S. C. 178, and the *Association* v. *Holland,* 65 S. C. 448, to this case where the facts and conditions were very different, and required a modification of the general rules laid down in the latter case (*supra*), under the license given by the Supreme Court so to do, in the following language in said case: 'These rules are not intended to be exhaustive, but are sufficient for the determination of this case.'

"In these cases, the withdrawal value of the shares assigned, was less than the loan, and the face of the bonds evidencing the debts, and the application of the same to the debt, still left the borrowing stockholder a debtor to the association according to the intention of the parties and the tenor of the borrower's written bond, which he signed, sealed and delivered to the association; while in this case the

application of the general rule laid down in that case would overpay the debt, and make the association a debtor to the stockholder, in opposition to and in violation of the tenor of the bond which the borrowing stockholder, solemnly executed and left with the association, wherein both declare that the stockholder is still a debtor to the association, the one by the execution and the other by the acceptance.

"In these cases also there was only one loan, and the borrowing stockholder who had assigned his stock to the association as collateral security, did not at any time afterwards, claim and exercise afterwards, the right and privilege of borrowing on other of said assigned shares by way of redemption, and which only a stockholder could do, such privilege being allowed and concurred in by the association; while in this case the borrowing stockholder afterwards on as many as three occasions claimed and exercised such right and privilege as a stockholder, with the assent and concurrence of the association, until he had in succession, redeemed each of his said five shares of stock by borrowing on the same by way of redemption, and on two of them exercised this privilege with assent of the association twice; which marked difference of facts and relations would seem to require a modification of the general rule laid down in those cases, and a different application of the retiring values of the several shares of stock, to the several debts made in the redemption of the same, as was done by the special master.

4. "In holding and deciding that defendant was entitled to credit on his bond for $600 at its date, June 17th, 1903, for the sum of two hundred and thirty-four ($234.00) dollars, as the amount paid on the said three shares then redeemed, being the withdrawal value of the said shares so redeemed; and in sustaining defendant's fifth exception to the special master's report.

"The error being that if his Honor was correct in sustaining defendant's third exception to the said report, and

holding that defendant must have credit for the withdrawal value of the whole five shares of stock (225) on the bond for the first loan, for two hundred ($200) dollars, at its date of the bond and assignment of the stock as collateral, on September 10th, 1900; and as under the rule of partial payments he would have to be allowed credit for all stock payments as made from that time to the making of the next loan; then to allow him credit at the time of the six hundred dollars loan and bond, would be very certainly allowing him credit for the same stock payments (which fixes the withdrawal value of the shares in this case) twice. He certainly should not have credit on this bond for the withdrawal value already credited to him on a prior bond and loan; and it is equally clear, that he should not here have credit for intermediate stock payment, which had in any way been credited to him before, the six hundred ($600) dollar loan and bond.

5. "In holding and deciding that defendant was entitled to and must have credit on the two hundred ($200) dollar bond at its date, August 9th, 1904, for ninety-two ($92.00) dollars, the amount of stock payment to that time on, and the withdrawal value of the one share of stock then redeemed; and in sustaining defendant's sixth exception to the said report of the special master.

"The error being that there would be a giving him credit twice for the withdrawal value of this share of stock, just as pointed out under exception four above."

*Messrs. Wallace & Barron,* for appellant.

*Mr. J Ashby Sawyer,* contra, cites; 62 S. C. 178,; 65 S. C. 448; 72 S. C. 406.

October 23, 1913. The opinion of the Court was delivered by

Mr. Justice Fraser. This is an action by the plaintiff on three bonds executed by the defendant to the plaintiff,

secured by a mortgage. Two of the bonds were for two hundred dollars each, and the third was for six hundred dollars. The case was referred to the master, who made his report. There were no exceptions to the master's report. After hearing argument, the presiding Judge made the following order:

"This matter comes before the Court upon exceptions filed by the defendant, to the report of the special master herein.

"The special master was correct in saying, that 'the legal way to ascertain the amount due, would be to consider the bonds according to their faces and dates;' but 'the special master erred in undertaking to split into two loans, the six hundred ($600.00) dollar bond. He should have simply taken the bonds as they appeared on their faces and dates and calculated the interest on same, giving credits for all payments, as made by the defendant, according to the rules as laid down by our Supreme Court in several recent cases; making the calculations according to the rules of partial payments; and giving credits on the bonds at their respective dates, for the withdrawal value of the stock assigned and surrendered, according to the constitution and by-laws of plaintiff corporation.

"Without passing on any of the exceptions, except those presenting the above questions, the exceptions raising the above questions are sustained; and the case is hereby referred to the master for Union county to make a calculation of the amounts due, if any, upon the several bonds sued on herein, and in accordance with the above stated principles."

There are five exceptions, one of which was abandoned at the hearing. There is a total misapprehension of Judge Memminger's order, and it is unnecessary to consider the exceptions separately.

Let the exceptions be reported.

The order, in short, holds that it was error to cut up the six hundred dollar bond in two loans, and directs the master to make a new finding on the basis of the bonds as executed, allowing credits for payments and cash surrender value according to the law of this State, and the constitution and by-laws of the association.   He decided nothing but that the bonds, as executed, should be the basis of calculation.   To this there is no exception.

The appeal is dismissed and the cause remanded for the purpose of carrying out the order of Judge Memminger.